Case 4:19-mj-00841-BJ  Document 1  Filed 10/16/19  Page 1 of 12  PageID 1
AO 106 (Rev. 04/10) Application for a Search Warrant                                        NORTHERN DISTRICT OF TEXAS
                                                                                                    FILED

                                                                                              OCT 16 2019

                                                                                      CLERK U.S. DISTRICT COURT
                                                                                      By_____
                                                                                              Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

In the Matter of the Search of )
(Briefly describe the property to be searched )
or identify the person by name and address) )
) Case No. 4:19-MJ- 841
White and Pink, Apple I Phone, model: A1633, DCC ID: )
BCG-E2946A, IC: 579C-E2946 )
)

**FILED UNDER SEAL**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):

See Attachment A

located in the ____Northern____ District of ____Texas____, there is now concealed (identify the person or describe the property to be seized):

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm |

The application is based on these facts:

See attached Affidavit of ATF Special Agent Paul Williams

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent Paul Williams, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/16/19

_____
Judge's signature

City and state: Fort Worth, Texas          Jeffrey L. Cureton, U.S. Magistrate Judge
                                            Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, P. Williams, your Affiant, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Affiant makes this affidavit under Rule 41, Federal Rules of Criminal Procedure, in support of an application for a search warrant authorizing the seizure and forensic examination of a cellular telephone, as described in Attachment A. The electronic device was possessed by Padilla during October 2019 in the Fort Worth Division of the Northern Judicial District of Texas.

2. Affiant is employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), specifically as a Special Agent and has been so since January of 2016. Affiant is currently assigned to ATF's Dallas Field Division. Prior to engaging in this employment, Affiant was a Uniformed Division Officer with the United States Secret Service for nearly 4 years. In 2016, at the Federal Law Enforcement Training Center, Affiant completed the Criminal Investigator Training Program and the ATF Special Agent Basic Training program. As a law enforcement officer, Affiant has training and experience in a variety of investigative methods relating to firearms and narcotics involved crimes, to include but not limited to visual surveillance, electronic surveillance, investigative subject interviews, as well as the use of arrest and search warrants.

3. Affiant has been assigned numerous investigations involving firearm activities and firearm offenses, which have resulted in the seizures of firearms, gun parts, and ammunition. Affiant has also been assigned numerous investigations involving illegal narcotics activities and narcotics offenses, which have resulted in the seizures of narcotics and narcotics associated items. Affiant's investigations and participation in investigations conducted by other law

enforcement officers, has kept Affiant in close contact with patterns and methods of the operations of persons who violate Federal firearm and narcotics laws.

4. Based on training and experience, as well as based upon interviews with defendants, informants, and other witnesses and participants in firearm-related criminal activity, Affiant is familiar with ways that individuals who possess, acquire or maintain firearms, whether prohibited or not, employ electronic communication via text message, email, internet, and social media to facilitate certain activities.

5. Affiant also knows that subjects engaged in firearm and narcotics offenses often have evidence of such offenses on their cell phones, such as, but not limited to: photographs and videos displaying the subject in possession of firearms and narcotics, as well as text messages, emails, and records showing the illegal purchase, possession, transfer, and sale of firearms and narcotics. Individuals involved in firearms offenses commonly use cellular telephones to transmit and receive information via voice calls, text messages, e-mail, and direct-connect capabilities in furtherance of their firearm and narcotics offenses. It is common for individuals involved with firearm and narcotics offenses to store, electronically, on their cellular telephones: (1) contact lists; (2) records of sent and received voice calls; (3) records of sent and received text messages; (4) records of sent and received direct-connect calls; (5) records of sent and received e-mails; and (6) records of sent and received photographs and videos. This information often contains evidence of firearm offenses, including evidence of the illegal purchase, possession, sale, transfer or illegal modification of a firearm(s).

6. Affiant knows, through training and experience, that individuals who engage in illegal drug and firearm offenses often acquire replacement cellular telephones after an arrests by law enforcement, in which the electronic device was seized. Similarly, Affiant knows, through

training an experience that the aforementioned subjects often resume and/or further commensurate their illegal activity on replacement cellular telephones.

7. The facts in this affidavit are the product of Affiant's personal observations, training and experience, as well as information obtained from other law enforcement officers, and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant, however it does not set forth all of the Affiant's knowledge or all of the information about this matter. Based on Affiant's training, experience, and the facts set forth in this affidavit, there is probable cause to believe that **Padilla** violated the following statues:

   a. Title 18, U.S.C., § 922 g(1) – Felon in Possession of a Firearm

There is also probable cause to search the item described in Attachment A for evidence of these crimes as described in Attachment B.

## PROBABLE CAUSE

8. On or about October 9, 2019, Detectives with the North Richland Hills Police Department conducted surveillance on a residence in the 5000 Block of Linda Drive, in Watauga, Texas. The residence was known to have received numerous narcotics related complaints in the past. Over the course of the surveillance, the Detectives observed a silver 2008 Dodge Ram pickup truck, bearing TX LP LVD3747 in the driveway of the residence. At the time, two (2) males were seen standing near the driver's side window of the vehicle, and another individual was noted to be in the driver's seat of the truck.

9. A short time later, the Dodge was observed being moved to the curb, in front of the residence, then the three (3) individuals were seen go inside of the residence. Then, a Hispanic male, later identified as Abel Fernando **Padilla** (YOB: 1992) was seen walk from the front door of the residence on Linda Drive and get into the driver's seat of the Dodge vehicle.

The vehicle was seen depart the area of the residence on Linda Drive, as well as complete multiple traffic infractions. Base on the infractions, a Watauga Police Department (WPD) marked unit was requested to complete a traffic stop on the Ram pickup truck.

10. Furthermore, a traffic stop was initiated in the 5900 block of Denton Hwy, Haltom City, Texas. Upon making contact with the WPD Officer, **Padilla** displayed a screen shot of his driver's license and verified his insurance for the vehicle. **Padilla** was also identified as the registered owner of the pickup truck. During a conversation with the Officer, **Padilla** advised that he had recently gotten out of prison for Aggravated Robbery and he was currently on probation. Thereafter, **Padilla** was identified as a documented gang member as well. Then, **Padilla** was asked for consent to search his person and his vehicle, to which he agreed. **Padilla** was required to the exit the vehicle and wait as the search ensued.

11. During the search of the Dodge, a WPD Officer opened the hood of the vehicle and observed a white towel located near the brake booster of the vehicle. The Officer discovered, wrapped within the towel, a loaded Kimber, model; Pro CDP II, .45 ACP caliber pistol, bearing serial number: KR27907. Thereafter, a criminal history check regarding **Padilla** was completed and **Padilla** was discovered to be a convicted felon. The firearm located in the vehicle was also reported stolen by the Fort Worth Police Department, with the offense occurring on September 18, 2019.

12. In response to the discovery, **Padilla** was placed into handcuffs and secured in a patrol vehicle. **Padilla** was advised of his Miranda Rights and questioned about his knowledge of the firearm in the vehicle, to which he indicated no knowledge.

13. Upon the conclusion of the traffic stop, **Padilla** was arrested by the Watauga Police Department for the following offenses: Possession of a Stolen Firearm, Felon in

Possession of a Stolen Firearm, and Unlawful Carrying of a Weapon. It should be noted, Padilla bonded out of county jail prior to October 15, 2019.

14. On October 15, 2019, I reviewed certified conviction documents corresponding to **Padilla's** criminal history and discovered **Padilla** had been convicted of at least four (4) felony offenses, to include: Engaging in Organized Criminal Activity, To-Wit: Assault (2009) and Aggravated Robbery with A Deadly Weapon, To-Wit: a Firearm (2014).

15. On October 15, 2019, an ATF interstate nexus expert review the description of the above-described firearm and determined it was not manufactured within the state of Texas, and, therefore, traveled in interstate or foreign commerce to reach the state of Texas.

16. On October 15, 2019, the WPD arrested **Padilla** at the WPD in Watauga, Texas in relation to an active parole violation warrant. At the time, **Padilla** was noted to possess and was observed using a cellular telephone, to wit: a White and Pink, Apple I Phone, model: A1633, DCC ID: BCG-E2946A, IC: 579C-E2946.

## CONCLUSION

17. Based on Affiant's knowledge and experience with firearms and narcotics offenses, as well as informed by the facts and circumstances presented above, Affiant believes that probable cause exists that the forensic processing of the electronic mediums described and explained in Attachment A contain: (1) evidence of the unlawful possession of firearms and ammunition; (2) evidence regarding the purchase of firearms and ammunition to include plans to sell or distribute them, and how, as well as under what circumstance the weapons and narcotics

Affidavit – Page 5

were acquired; (3) evidence showing that the cellular telephones were used or intended to be used to facilitate illegal activities; and (4) evidence of the fruits of illegal activities.

Respectfully submitted,

*[signature]*

P. Williams
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence, October __16__, 2019, in Fort Worth, Texas, at __10:35__ a.m.

*[signature]*

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

Affidavit – Page 6

# ATTACHMENT A

## DESCRIPTION OF ITEMS TO BE SEARCHED

a) White and Pink, Apple I Phone, model: A1633, DCC ID: BCG-E2946A, IC: 579C-E2946.

seized from Abel Fernando PADILLA and presently in ATF custody in Irving, Texas.

Attachment A

## ATTACHMENT B

Conduct of forensic examination of items in Attachment A:

1.     This warrant seeks authorization to examine all information contained on all the electronic mediums described in Attachment A, which relate to, facilitated, or contain evidence of a crime or fruits of a crime regarding violations of Title 18, U.S.C., § 922 g(1) – Felon in Possession of a Firearm.

   a. All stored contacts, address books, calendar appointments;

   b. Lists of customers and related identifying information;

   c. All bank records, checks, credit card bills, account information, and other financial records;

   d. Images or video used to promote or facilitate the illegal purchase and possession of firearms; and

   e. Any locations or photos marked by Global Positioning Satellites (GPS) that are associated with the illegal activity.

2.     Evidence of user attribution showing who used or owned the cellular phones and storage mediums at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.     Records evidencing the use of the Internet to communicate with others, including:

   a. Records of Internet Protocol addresses used; and

   b. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, emails, text messaging, and phone call activity.

4.     As used throughout this warrant, including in Attachments A and B, the terms:

Attachment B – Page 1

a. "Records" and "Information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form;

b. Wireless telephone or mobile telephone or cellular telephone is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

c. Digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

5. Based on my knowledge, training, and experience, I know that cellular phones can store information for long periods of time. I also know that the cellular phones described

in Attachment A are capable of serving as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA, and are capable of storing various types of information such as call logs, text messaging, pictures and video, and personal contacts. Moreover, in my training and experience, examining data stored on the cellular phones described in Attachment A can uncover, among other things, evidence that reveals or suggests who possessed or used the device to facilitate the commission of an offense. Similarly, things that have been viewed, via the Internet, are typically stored for some period of time on devices described in Attachment A as well. This information can sometimes be recovered with forensics tools.

7. Forensic evidence. This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the cellular telephones were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the cellular telephones because:

   a. Data on the storage mediums can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file);

   b. Forensic evidence on a cellular telephones can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence;

   c. A person with appropriate familiarity with how cellular telephones work, after examining this forensic evidence in its proper context, may be able to draw conclusions about how the devices were used, the purpose of their use, who used them, and when;

   d. The process of identifying the exact electronically stored information on cellular telephones that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data is stored on cellular telephones may depend on other information stored on the device or other devices and the application of knowledge about how the device behaves. Therefore,

contextual information necessary to understand other evidence also falls within the scope of the warrant; and

    e. In finding evidence of how electronic mediums were used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

8.    Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the electronic items described in Attachment A consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the devices to human inspection to determine whether it is evidence described by the warrant.

9.    Manner of execution. Because this warrant seeks only permission to examine electronic mediums already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.